IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN CHASE, #326-514
    Plaintiff                           :

            v.                   :  CIVIL ACTION NO. CCB-08-2566

WARDEN, et al.,                :
    Defendants

## MEMORANDUM

This prisoner civil rights action, filed by plaintiff Warren Chase, is limited to allegations of denial of access to the courts occurring between April 2008 and the end of September 2008. ECF No. 9. A motion for summary judgment has been filed on behalf of the Warden. ECF No. 29. The motion is opposed.[1] ECF No. 37.[2] No hearing is needed to resolve this case. *See* Local Rule 105.6 (D. Md. 2010).

Plaintiff has filed several non-dispositive pleadings. He requests appointment of counsel in order to obtain discovery, specifically mailroom log records reflecting receipt of his legal mail[3] and recordings of digital security cameras[4] which, he states, have been denied him due to security concerns. ECF No. 22. For reasons apparent herein, the court will not order the production of this evidence, and will deny appointment of counsel at this time. Under 28 U.S.C. § 1915(e)(1) a federal judge has the discretion to appoint counsel to an indigent litigant.

---

[1] Plaintiff's motion seeking an extension of time through October 11, 2010 for filing his opposition (ECF No. 34) is granted nunc pro tunc.

[2] Although captioned as a "Complaint," ECF No. 37, when read in its entirety, is best construed as an opposition to the pending dispositive motion.

[3] The Declaration of Mary Jane Rose, Mailroom Clerk at NBCI, states that incoming legal mail is logged in to include information as to the name and Division of Correction (DOC) number of the prisoner receiving the mail, the name of the sender, the date on which the document was received by the prison, and the signature of the prisoner indicating receipt and acceptance of the document. ECF No. 29, Exhibit 1, para. 6. Rose does not provide information as to whether a log process exists for outgoing legal mail. *Id*.

[4] While not apparent in his motion, the court surmises plaintiff seeks any recording depicting the alleged encounter in his cell on September 16, 2008, involving Officers L.F. Miller, B.A. Barns and M. P. Gutillo.

Exceptional circumstances must exist. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in any particular case rests on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984); *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989) (holding that § 1915 does not authorize compulsory appointment of counsel). The existence of exceptional circumstances "[w]ill turn on the quality of two basic factors--the type and complexity of the case, and the abilities of the individuals." *Id*. Plaintiff has thus far shown the wherewithal to present his complaint and pleadings. Further, the limited allegations in this case do not involve complicated issues for review. Plaintiff thus far has failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner.

In ECF No. 23, plaintiff requests injunctive relief claiming that an appeal was dismissed in the United States Circuit Court of Appeals for the Fourth Circuit on April 21, 2010, because that court did not receive his opening brief which he gave to "unidentified NBCI mail room staff" to mail on February 28, 2010. Plaintiff does not indicate which of the dozens of cases he has filed in this court allegedly was impacted by the failure to post his mail,[5] and the alleged incident is outside the time-frame under consideration here. The undersigned notes, however, that plaintiff's appeal in *Chase v. The Prior and Present DOC Commissioners of Correction*, Civil Action No. CCB-08-834 (D. Md.), was docketed on January 14, 2010, and judgment affirmed after review on the merits on April 9, 2010.[6] *Id*., ECF Nos. 73 and 79. A appeal in

---

[5] The docket in this case demonstrates that plaintiff's interlocutory appeal concerning rulings on supplementing the complaint and obtaining injunctive relief was received on April 30, 2010, and dismissed for lack of jurisdiction as premature. ECF Nos. 19 and 33.

[6] One item of mail – a copy of an order granting defendants' extension of time (ECF No. 45) -- was returned as "undeliverable" in this case; however, the return in no way deprived plaintiff of an opportunity to fully litigate the matter.

*Chase v. Commissioners of Maryland DOC, et al.*, Civil Action No. CCB-09-955 (D. Md), was taken on October 26, 2009, and denied and dismissed on January 22, 2010. *Id.,* ECF Nos. 25 and 29. Another appeal, in *Chase v. Commissioners of Maryland DOC, et al.,* Civil Action No. CCB-09-3009 (D. Md.), was filed on December 28, 2009, and denied on May 21, 2010. *Id*., ECF Nos. 6 and 10.

In his opposition motion, plaintiff references incidents outside the time-frame at issue here, none of which demonstrate any orchestrated attempt to deprive him of court access. *Chase v. Warden*, Civil Action No. CCB-09-1523 (D. Md.), was filed on June 5, 2009, and closed two months later after plaintiff provided an opposition response to defendant's dispositive pleading. No appeal was taken, and plaintiff at no time wrote to indicate any concerns regarding the court's receipt of his pleadings. It does appear that his appeal was dismissed for failure to prosecute in *Chase v. Warden*, Civil Action No. CCB-08-1702 (ECF No. 16), but the order of dismissal was immediately vacated and the appeal determined on the merits.[7] ECF Nos. 17 and 20. The plethora of pleadings generated in the ongoing consolidated case. *Chase v. Warden*, Civil Action No. CCB-08-1790 (D. Md.) belies any claim of mail room interference with plaintiff's legal mail. Plaintiff's claim to the contrary, there is no indication that his federal litigation rights were in any way implicated by the actions of DOC personnel. His request for injunctive relief in ECF No. 23 is denied, as is his request for injunctive relief mandating he be permitted to send mail "certified return receipt requested" at state expense. ECF No. 36.

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977);

---

[7] Although unclear from the electronic record, it is likely the in forma pauperis application and informal brief needed for the matter to proceed was received contemporaneously with the order dismissing the appeal. Other pleadings improperly filed by plaintiff in this court in this case around the same time apparently made their way through the prison mail room. *Id*., ECF Nos. 14 and 15.

*see also Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978). The Supreme Court clarified the *Bounds* decision by finding that a deprivation of a prisoner's right of access to the courts is actionable, but only when the prisoner is able to demonstrate actual injury from such deprivation. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). According to the *Lewis* opinion, the Constitution does not guarantee inmates the ability to litigate every imaginable claim they can perceive, only that they be given the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355.

Ultimately, a prisoner "wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), *quoting Lewis*, 518 U.S. at 355. The requirement that a prisoner alleging a violation of *Bounds* must show actual injury "derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349.

Pared to its bare essentials, this case concerns three alleged incidents involving plaintiff, his legal mail and legal materials, and NBCI corrections personnel. In attachments to his amended complaint (ECF No. 6), plaintiff claims a legal envelope mailed on June 5, 2008 "went missing" and never reached this court. Plaintiff does not indicate what the envelope contained, its connection to any federal litigation, or any harm suffered as a result of the loss. In the same attachment he claims that on June 10-11, 2008, he gave numerous letters addressed to various government officials and a motion addressed to this court to unidentified prison personnel, and none reached their intended destinations. Again, no culpable individuals are identified and plaintiff does not allege any harm suffered as a result of the incident. He indicates his state

criminal appeals lawyer, Elizabeth Falan, wrote him on September 29, 2008, indicating that a legal document she had mailed to him weeks earlier was returned to her with the notation that he had refused to accept it. No injury is alleged as a result of the delay in obtaining the legal document.

Plaintiff also alleges that on July 27-28, 2008, Corporal D. A. Berry, Corporal C. L. Anderson, Captain D. Lenzbauer, and Captain W. J. Thomas ransacked his cell and confiscated his ARP forms. No injury is alleged as a result of this confiscation, and indeed Officer Gutillo states under oath that the incident never occurred. ECF No. 29, Exhibit 2, para. 5.

Plaintiff further claims that on September 10, 2008, unknown individuals ransacked his cell and took legal envelopes. There is no apparent nexus between the loss of the envelopes and any claim of injury of constitutional magnitude.

Nothing in the complaint or its amendment implicates NBCI's Warden in the alleged tampering with plaintiff's legal mail and legal documents during the time-frame at issue here. Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but is instead premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) *citing Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction

and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994).

Plaintiff has failed to demonstrate actual injury as a result of the alleged tampering with his access to the courts. Given this deficiency, the additionally named defendants, although added to the docket, shall not be required to respond to the allegations, and the dispositive motion filed on behalf of the Warden shall be granted. A separate order follows.

<u>December 17, 2010</u>                  _____/s/_____
Date                                                    Catherine C. Blake
                                                           United States District Judge